UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                                    )
                                          )
EMERALD GREEN PENSION FUND,               )      Case No. 00-11095C-7G
                                          )
        Debtor.                           )
                                          )

## ORDER DISALLOWING CLAIMS FOR FAILURE TO PROVIDE COURT ORDERED ADDITIONAL INFORMATION

THIS MATTER coming on to be heard and being heard on July 24, 2001, before the undersigned United States Bankruptcy Judge of the United States Bankruptcy Court for the Middle District of North Carolina, upon the Trustee's Motion To Disallow Claims For Failure To Provide Court Ordered Additional Information. After due and proper notice to all parties and based upon the pleadings herein, statements of the trustee, and evidence presented, the Court makes the Following Findings of Fact and Conclusions of Law:

1. The above captioned Debtor filed a voluntary petition under Title 11, Chapter 11 of the United States Bankruptcy Code on May 8, 2000. As a result, of an Order entered on July 17, 2000, the case was converted to a Chapter 7 Proceeding, Charles M. Ivey, III is the duly appointed, qualified and acting trustee in the proceeding.

2. As a result of the filing and subsequent conversion, due notice was given to all creditors (except a governmental unit) that proofs of claim needed to be filed on or before November 15, 2000. As a result of this notification, numerous claims have been filed in this case.

3. Several of the claims have been filed by trusts, corporations or other entities and not in the names of individual persons. Such proofs of claim (hereinafter "Trust Proofs of Claim") have been signed by individuals representing themselves as trustees, appointees, agents, or in other capacities associated with the claimants. The Trustee's review of the claims indicates that in certain instances a Trust Proof of Claim by the beneficiary of that Trust were filed, creating a duplicate filing of such claim. However, the Trustee could not confirm the extent to which duplicate claims existed based upon the information provided with the Trust Proofs of Claim filed in the case. As a result, the Trustee sought direction from the Court to require that additional information be filed by these claimants.

4. This matter came before the Court for hearing on April 24, 2001. As a result of that hearing, the Court entered an Order on May 9, 2001, which identified parties who had filed Trust Proofs of Claim and required those parties to provide additional information to the Court and to the Trustee within thirty (30)-days of the entry of the Order. The Order further indicated in capital letters: "FAILURE TO COMPLY WITH THIS ORDER BY THOSE PARTIES IDENTIFIED ON EXHIBIT 'A' HERETO SHALL RESULT IN THEIR ENTIRE CLAIM BEING DENIED IN FULL." Attached hereto and incorporated herein by reference and identified as Exhibit "A" is the Exhibit "A" which was part of the May 9, 2001 Order setting out those parties who were required to provide additional information.

5. The time for parties to provide additional information has expired. The Trustee has reviewed the documents provided to him and reviewed the information filed with the Bankruptcy Court. Based upon this review, it now appears the following parties provided sufficient additional information: Claim #8 filed by Washburn Trust;
    a. Claim #15 filed by Azaz Transitional
    b. Claim #19 filed by Parachute Financial
    c. Claim #36 filed by DNA International Investor
    d. Claim #57 filed by North Albuquerque Trust

6. The following parties failed to provide to the Trustee the information as Ordered by this Court pursuant to its Order of May 9, 2001.

    a. Claim # 16 filed by Amad Associates
    b. Claim #20 filed by Palmyra Financial
    c. Claim #21 filed by Pegasus Financial
    d. Claim #22 filed by Protocol Financial
    e. Claim #26 filed Shuku International
    f. Claim #33 filed by Petroglyph Financial
    g. Claim #34 filed by Petroglyph Financial
    h. Claim #35 filed by Petroglyph Financial
    i. Claim #53 filed by Gaddi Financial Group
    j. Claim #54 filed by Gaddi Financial Group

7. The Trustee did file on June 29, 2001 a Motion to Disallow Claims For Failure To Provide Court Ordered Additional Information. This Motion set out those claimants who had failed to provide the additional information as ordered by this Court. Due and proper notice of the Trustee's Motion was provided to all parties in interest. The notice provided that the Trustee's Motion would be heard on July 24, 2001, and the Trustee would be seeking to have claims disallowed for failure to provide additional information as Ordered by this Court.

8. William Moseley, JR., appeared on behalf on Claim #9 as filed by Prosper International Trust and Claim #63 as filed by Alpha-Omega Corporation. These parties provided additional information to the Trustee by and through their Attorney, William Moseley, JR., and the Trustee did announce to the Court that as a result thereof, he was

no longer requesting these claims be disallowed. No other creditor, which was identified in the Trustee's Motion, appeared at the hearing to provide any evidence or other reason as to why the claims should not be disallowed as requested by the Trustee.

9. Good and sufficient cause exist pursuant to the Order of May 9, 2001, to Disallow the claims as identified above for failure to provide the Court Ordered information.

Based Upon The Foregoing Findings of Fact and Conclusions of Law it is THEREFORE ORDERED, ADJUDGED AND DECREED, that the following claims be and hereby are disallowed in full as a result of the creditor's failure to provide additional information as Ordered by this Court. These claims are as follows,

    a. Claim #16 filed by Amad Associates
    b. Claim #20 filed by Palmyra Financial
    c. Claim #21 filed by Pegasus Financial
    d. Claim #22 filed by Protocol Financial
    e. Claim #26 filed by Shuku International
    f. Claim #33 filed by Petroglyph Financial
    g. Claim #34 filed by Petroglyph Financial
    h. Claim #35 filed by Petroglyph Financial
    i. Claim #53 filed by Gaddi Financial Group
    j. Claim #54 filed by Gaddi Financial Group

This the _13_ day of _August_, 2001.

                                            William L. Stocks
                                            United States Bankruptcy Court Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

IN RE: )
)
**EMERALD GREEN PENSION FUND** ) Case No. B-00-11095C-7G
)
**Debtor.** )

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on the date below, the undersigned served a copy of the ORDER DISALLOWING CLAIMS FOR FAILURE TO PROVIDE COURT ORDERED ADDITIONAL INFORMATION by depositing the same, enclosed in a postpaid wrapper, properly addressed to the following parties-in-interest at their last known addresses as shown below, in a post office or official depository under the exclusive care and custody of the United States Postal Service:

Michael D. West, Esq.         (HAND DELIVERED)
U.S. Bankruptcy Administrator
101 South Edgeworth Street
Greensboro, NC 27401

Charles M. Ivey, III, Esq.    (HAND DELIVERED)
IVEY, MCCLELLAN, GATTON & TALCOTT, L.L.P.
P. O. Box 3324
Greensboro, NC 27402

SEE ATTACHMENT EXHIBIT A FOR DETAILED LISTING OF CREDITORS

THIS the _29_ day of AUGUST, 2001.

OFFICE OF THE CLERK

By: _____Karen W. Champagne_____
Deputy Clerk

# EXHIBIT A

Washburn Trust         Claim #8
C/O Sylvia Mock
P.O. Box 13388
Albuquerque, NM 87192

Azaz Transitional      Claim #15
C/O Kenneth Kennedy
10 Tallwood Lane
Longwood, TX 76505

Parachute Financial    Claim #9
17853 Huckleberry Dr., LWW
Penn Valley, CA 95946

Pegasus Financial      Claim #21
Mr. John Gacek
C/O Karen Younce
17853 Huckleberry Dr.
Penn Valley, CA 95946

Shuku International    Claim #26
C/O Mike Cassidy
198 Wash Pond Road.
Hampstead, NH 03841

Petroglyph Financial   Claim #34
17853 Huckleberry Dr.
Penn Valley, CA 95946

Gaddi Financial Group Claim #53
828 21st Avenue
Manson, IA 50563

North Albuquerque Trust Claim #57
Attn. George Baca, Trustee
PO Box 13388

Amad Associates        Claim #16
Suite 705-205
7400 Abercorn Street
Savannah, GA 31406

Palmyra Financial      Claim #20
17853 Huckleberry Dr.. LWW
Penn Valley, CA 95946

Protocol Financial     Claim #22
C/O Karen Younce
17853 Huckleberry Dr.
Penn Valley, CA 95946

Petroglyph Financial   Claim #33
17853 Huckleberry Dr.
Penn Valley, CA 95946

Petroglyph Financial   Claim #35
17853 Huckleberry Dr.
Penn Valley, CA 95946

DNA International Investor Claim #36
2140 Woodhaven Court
Villa Hills, KY 41017

Gaddi Financial Group    Claim #54
828 21st Avenue
Manson, IA 50563